■ DYLAN M. CAPELES, an Infant, by His Mother and Natural Guardian, DANA CAPELES, et al., Respondents, v CROUSE-HINDS FOUNDATION, INC., et al., Defendants, and BOYLE FENCE Co., INC., Appellant. [738 NYS2d 807] —Appeal from so much of an order of Supreme Court, Onondaga County (McCarthy, J.), entered January 11, 2001, that denied the motion of defendant Boyle Fence Co., Inc. for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of defendant Boyle Fence Co., Inc. (Boyle) seeking summary judgment dismissing the amended complaint against it. Plaintiffs allege that Boyle contracted with defendant Crouse-Hinds Foundation, Inc. (Crouse-Hinds) to furnish and install a fence and sliding gates around a parking lot it owned. That lot is now owned by defendant Cooper Industries, Inc. (Cooper Industries). Plaintiff Dylan M. Capeles, then 10 years old, was allegedly injured while hanging from one of the sliding gates. The gate was moving into the open position, and his hands were caught beneath the rollers supporting the gate. In support of the motion, Boyle submitted the deposition testimony of its president and sole employee stating that he does not recall furnishing and installing the fence and gates. He further stated that Boyle did not return the acknowledgment attached to the purchase order received from Crouse-Hinds with respect to furnishing and installing the fence and gates. Boyle also submitted evidence establishing that neither Crouse-Hinds nor Cooper Industries is able to determine whether Boyle furnished and installed the fence and gates. We conclude that there is a triable issue of fact precluding summary judgment (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). Pursuant to the terms of the purchase order, submitted by Boyle in support of the motion, Boyle was deemed to have accepted the terms of the offer of Crouse-Hinds "[b]y shipping the ordered goods or by acknowledging receipt of th[e] order or by performing the ordered work." Contrary to Boyle's contention, the failure to return the acknowledgment attached to the purchase order does not establish as a matter of law that there was no contract between Crouse-Hinds and Boyle. Boyle could have accepted the offer by shipping the ordered goods or by performing the ordered work, and Boyle failed to establish as a matter

of law that it neither shipped the ordered goods nor performed the ordered work. Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.